**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| LEADER CAPITAL CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>FNEX CAPITAL, LLC AND MAVERICK DISTRIBUTORS, LLC,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

## INTRODUCTION

1. In this litigation, Plaintiff Leader Capital Corp. ("Leader Capital") seeks to recover damages and other relief to compensate it for harm it suffered from the bad faith and malicious conduct of Defendant FNEX Capital LLC and Maverick Distribution, LLC (collectively, "Defendants").

2. In December of 2024, Leader Capital learned that Defendants began publishing confidential false information about, and confidential information belonging to, Leader Capital.

3. The disclosures Defendants made violated the terms of a sales agreement entered into between Leader Capital and FNEX and, ultimately, caused investors in Leader Capital's mutual fund to withdraw their investments.

4. As a result of the false and improper disclosures, FNEX has been harmed in an amount to be proven at trial but no less than $3.56 million.



LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

## THE PARTIES AND RELATED ENTITIES

5. Leader Capital is an entity incorporated under the laws of the state of Washington and maintains its principal place of business in Vancouver, Washington.

6. Leader Capital is informed and believes, and thereon alleges, that Defendant Applied Capital, LLC, doing business as FNEX Capital, LLC ("FNEX Capital"), is a limited liability company formed and existing under the laws of the state of Indiana and maintains its principal place of business in Indianapolis, Indiana. Leader Capital is further informed and believes, and thereon alleges, that FNEX Capital is managed by its sole member, FNEX, LLC, which is a limited liability company organized and existing under the laws of the state of Indiana and maintains its principal place of business in Indianapolis, Indiana.

7. Leader Capital is informed and believes, and thereon alleges, that Defendant Maverick Fund Solutions, LLC ("Maverick"), is a limited liability company formed and existing under the laws of the state of Delaware and maintains its principal place of business in Pennsylvania. Leader Capital is informed and believes, and thereon alleges, that Maverick's member(s) are located in Delaware and/or Pennsylvania.

8. Defendants Does 1-50, inclusive, are sued in this Complaint under fictitious names. Their true names and capacities are unknown to Leader Capital. When their true names and capacities are discovered, Leader Capital will amend this Complaint by inserting their true names and capacities herein. Leader Capital is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint, and that the damages Leader Capital asserts herein were proximately caused by those Defendants. Leader Capital lacks further information at this time concerning the true identity of these fictitiously named defendants, but will amend this complaint when such further information is discovered.

9. Leader Capital is informed and believes, and thereon alleges that, at all material times herein Defendants, and each of them, are joint and contributing tortfeasors who either acted in concert to accomplish a common purpose, agreement or plan, and were the agents, servants,


LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

principals, employees, co-conspirators or alter egos of one or more of the other Defendants, and acted with the other Defendants' knowledge, consent, and approval and within the course and scope of that agency, employment or conspiracy. As such, each of the Defendants is responsible for the liabilities of the other Defendants, as alleged herein.

## VENUE AND JURISDICTION

10. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331, as this civil action involves questions of federal law. Alternatively, jurisdiction is proper under 28 U.S.C. § 1332, as this civil action is between citizens of different states and the amount in controversy exceeds $75,000.

11. Venue in this court is proper pursuant to 28 U.S.C. § 1391, as a substantial portion of the matters alleged herein occurred in this district.

## FACTS

12. Leader Capital is a registered investment advisor with the United States Securities and Exchange Commission. Leader Capital manages mutual funds.

13. FNEX Capital is a broker-dealer registered with the Financial Industry Regulatory Authority ("FINRA"). FNEX Capital licenses and supervises FINRA-registered representatives involved in sales and marketing, and related activities, for mutual funds. Some of FNEX's associated brokers are affiliated with Maverick.

14. Effective November 28, 2023, Leader Capital and FNEX Capital entered into a Sales Agreement, pursuant to which FNEX agreed to provide sales and marketing services for the mutual fund products offered by Leader Capital in exchange for compensation to be paid by Leader Capital. A true and correct copy of the Sales Agreement is attached hereto as Exhibit A and is incorporated by this reference as though fully set forth herein.

15. While FNEX was not obligated under the Sales Agreement to sell any specific number of shares, it promised to use reasonable efforts to sell and market sales in Leader Capital's mutual funds. Per the Sales Agreement, Maverick was to exclusively provide all sales and marketing



LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

related activities through FNEX on Leader Capital's behalf.

16. The Sales Agreement contains a confidentiality provision, obligating the parties to keep confidential all information concerning the financial affairs and matters of the other party and not to reproduce or distribute such information to any party, at any time, except for the purposes of the Sales Agreement.

17. The Sales Agreement provided both parties with the right to terminate the Sales Agreement on 120 days advanced written notice. On April 19, 2024, Leader Capital provided written notice of termination to FNEX, triggering the 120-day notice period. Thus, effective August 17, 2024, the Sales Agreement was terminated.

18. Shortly after Leader Capital terminated the Sales Agreement, investors in Leader Capital's mutual funds began withdrawing their investments from those funds. Upon investigating the reasons those investors withdrew their investments, Leader Capital learned that FNEX's agents and representatives informed investors that Leader Capital's mutual fund was operating outside the prospectus and in violation of applicable securities laws.

19. The statements made by FNEX's agents and representatives were false, as Leader Capital's mutual fund was and always has been in full compliance with applicable federal securities laws and was operated consistently with the prospectus.

20. Leader Capital is informed and believes, and thereon alleges, that FNEX's and Maverick's agents and representatives began spreading false information regarding Leader Capital's mutual fund knowing that their representations were false and maliciously in retaliation for Leader Capital's termination of the Sales Agreement.

21. Leader Capital is further informed and believes, and thereon alleges, that that FNEX's and Maverick's agents and representatives also disclosed Leader Capital's financial information to third parties in violation of the Sales Agreement's confidentiality provision. Leader Capital sent a cease and desist letter to FNEX and Maverick on September 18, 2024. In the letter, Leader Capital demanded that Defendants and their employees "cease any such dissemination of false rumors and confidential information immediately." A true and correct copy of the cease and desist letter is



LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

attached hereto as Exhibit B.

22. As a result of FNEX's and Maverick's conduct, over $178 million was withdrawn from the Fund between August 17 and December 20, 2024. In total, Leader Capital has suffered at least $3.56 million in losses as result of the false statements made by FNEX's agents and representatives.

**FIRST CAUSE OF ACTION**

**(Securities Fraud – Exchange Act § 10(b) and SEC Rule 10b-5)**

23. Leader Capital incorporates by reference as though fully set forth herein the allegations contained in each and every paragraph of this Complaint.

24. As alleged herein, FNEX and Maverick, through their representatives whose identities are presently unknown to Leader Capital, made material misrepresentations of fact to Leader Capital's investors.

25. Specifically representatives for FNEX and Maverick represented to Leader Capital's investors that Leader Capital's mutual fund was operating outside the prospectus and in violation of applicable securities laws, and was under investigation by the SEC. The representatives further falsely stated that Maverick had "fired" Leader Capital. In making those representations, FNEX's and Maverick's representatives intended to cast Leader Capital as "bad guys" with the intent of persuading Leader Capital's investors to withdraw their investments from Leader Capital's mutual fund.

26. The representations made by FNEX's and Maverick's representatives were false, and they made those representations knowing that they were false. In fact, Leader Capital was not under investigation by the SEC and operated in full compliance with the prospectus. Furthermore, it was Leader Capital that terminated the Sales Agreement and thereby ended the relationship with Maverick.

27. The representations were made knowing of their falsity or, at a minimum, without any reasonable basis for believing the representations to be true. FNEX and Maverick had access to Leader Capital's financial information to allow them to market and sell shares in Leader Capital's



LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

mutual fund and through that access knew that Leader Capital was not operating outside of the prospectus of in violation of applicable securities laws.

28. The investors in Leader Capital's mutual funds believes FNEX's and Maverick's representations to be true based on the prior business relationship between Leader Capital and FNEX, and relied on their representations as though they were true and in reliance on such representations sold their shares in Leader Capital's mutual fund. Leader Capital was informed on two separate occasions in December of 2024 of the false representations made by FNEX's and Maverick's representatives, and were informed during those occasions that investors had withdrawn their investments from Leader Capital's fund because of the false statements made by those representatives.

29. As a direct and proximate result of FNEX's and Maverick's representations, Leader Capital suffered economic harm in an amount to be proven at trial, but believed to be no less than $3,560,000.00.

**SECOND CAUSE OF ACTION**

**(Breach of Contract – Against FNEX Capital)**

30. Leader Capital incorporates by reference as though fully set forth herein the allegations contained in each and every paragraph of this Complaint.

31. Under the Sales Agreement, FNEX was obligated to keep confidential all information concerning Leader Capital's financial affairs and matters and its clients, and agreed that it would not reproduce or distribute the same to any party, at any time, except for the purposes of this Agreement.

32. Leader Capital performed all obligations required of it under the Sales Agreement and any unperformed obligations were excused.

33. FNEX breached its confidentiality obligation under the Sales Agreement by disclosing information relating to Leader Capital's financial matters.

34. As a direct and proximate result of the breach alleged herein, Leader Capital has been damaged in an amount to be proven at trial, but believed to be no less than $3,560,000.00.



LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

**THIRD CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing – Against FNEX Capital)**

35. Leader Capital incorporates by reference as though fully set forth herein the allegations contained in each and every paragraph of this Complaint.

36. Implied in the Sales Agreement is an obligation on FNEX to act reasonably and in good faith in its performances under the Sales Agreement, and not to frustrate the benefit Leader Capital reasonably expected to obtain from the Sales Agreement.

37. The conduct of FNEX's agents and representatives as alleged herein constitutes a breach of the implied covenant of good faith and fair dealing.

38. As a direct and proximate result of the breach alleged herein, Leader Capital has been damaged in an amount to be proven at trial, but believed to be no less than $3,560,000.00.

**FOURTH CAUSE OF ACTION**

**(Defamation – Against FNEX Capital and Maverick)**

39. Leader Capital incorporates by reference as though fully set forth herein the allegations contained in each and every paragraph of this Complaint.

40. In December of 2024, Leader Capital learned that FNEX and Maverick began spreading confidential information as well as false information to Leader Capital's investors that Leader Capital was engaged in conduct that violated applicable securities laws.

41. Leader Capital's investors believed Defendants' representations to be true, even though they were false, and began withdrawing their investments from Leader Capital's mutual fund.

42. As a direct and proximate result of the breach alleged herein, Leader Capital has been damaged in an amount to be proven at trial, but believed to be no less than $3,560,000.00.

43. Defendants' conduct alleged herein was malicious and with the intent to cause Leader Capital intentional harm.

**FIFTH CAUSE OF ACTION**

**(Intentional Interference with Contractual Relations – Against FNEX Capital and Maverick)**

44. Leader Capital incorporates by reference as though fully set forth herein the



LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

allegations contained in each and every paragraph of this Complaint.

45. Leader Capital had existing business relations with the investors in its mutual funds. FNEX and Maverick knew of those existing business relations.

46. By the conduct alleged herein, including Defendants' intentional misrepresentations and disclosure of confidential information, FNEX and Maverick intentionally interfered with Leader Capital's existing business relations, which caused Leader Capital's investors to withdraw their investments from Leader Capital's mutual funds.

47. FNEX's and Maverick's conduct as a substantial factor in causing harm to Leader Capital.

48. As a direct and proximate result of the breach alleged herein, Leader Capital has been damaged in an amount to be proven at trial, but believed to be no less than $3,560,000.00.

49. Defendants' conduct alleged herein was malicious and with the intent to cause Leader Capital intentional harm.

**REQUEST FOR RELIEF**

Wherefore, as a result of the foregoing allegations, Leader Capital prays for judgment in their favor as follows:

1. For a money judgment against Defendants in an amount to be proven at trial, but believed to be no less than $3,560,000.00;

2. For a judgment awarding punitive damage against Defendants;

3. For an order adjudging that Leader Capital is entitled to its costs of suit incurred herein, including its attorneys' fees to the extent allowed by contract and applicable law;

4. For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Relator hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.



LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

DATED this 2nd day of January, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*s/ John S. Poulos*
John S. Poulos, WSBA No. 51957

*s/ Donna M. Chamberlin*
Donna M. Chamberlin, WSBA No. 31227

1111 Third Avenue, Suite 2700
Seattle, WA 98101
(206) 436-2020 / (206) 436-2030 Fax
John.Poulos@lewisbrisbois.com
Donna.Chamberlin@lewisbrisbois.com
Attorneys for Plaintiff LEADER CAPITAL CORP.